JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Anthony Robinson appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I. {¶ 2} According to the case, a Cuyahoga County grand jury indicted Anthony Robinson with a single count of robbery in Case No. CR 458209. The charge, a second-degree felony, proceeded to a bench trial. The court, after hearing evidence and examining all exhibits, found appellant guilty of the crime charged. On January 28, 2005, appellant appeared at the sentencing hearing and was sentenced to the statutory minimum, two years.
 {¶ 3} According to the facts, Tina Perry testified that on October 16, 2004, she was at her home on West 81st Street. Perry testified that in the evening hours she heard a horn honking and someone yelling out, "Help, help me, help me." She testified that she looked outside and saw the side door of a van open and someone punching someone else. Perry testified that the victim was a "short, white guy." She further testified that she and her neighbor attempted to help the victim.
 {¶ 4} The assistant prosecutor and the defense stipulated that appellant was wearing a black leather jacket when he was arrested at the scene on the night in question. There was also a stipulation, state's Exhibit 1, a BCI lab report, that indicated that a substance taken off the defendant's hands presumptively tested as being blood. The parties further agreed in the stipulation that the blood was not DNA tested.
 {¶ 5} Richard Arthur ("the victim") testified that on October 16, 2004, he was working as a maintenance person at First Federal of Lakewood and he brought home the company van. He further testified that he went to the convenient store on the corner of West 98th and Madison to buy some beer. The victim testified that he overheard appellant state that he needed a ride. As appellant left the store, the victim offered him a ride.
 {¶ 6} Appellant directed the victim to a side street off of Madison, grabbed the keys out of the ignition and told the victim that this was a robbery. The victim refused to give appellant his wallet. Appellant hit the victim on the side of the head and continued punching him. The victim began blowing his horn and yelling for help. The victim testified that his wallet was eventually taken from him and that he only had $16 in his wallet at the time of the robbery.
 II. {¶ 7} Appellant's first assignment of error states the following: "The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction."
 {¶ 8} Appellant's second assignment of error states the following: "Appellant's conviction is against the manifest weight of the evidence."
 {¶ 9} Because of the substantial interrelation between appellant's two assignments of error, we shall address them together. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. With respect to sufficiency of the evidence, sufficiency is a term of art, meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. State v.Thompkins (1997), 78 Ohio St.3d 380.
 {¶ 10} Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may, nevertheless, conclude that the judgment is against the manifest weight of the evidence. Manifest weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates that the party having the burden of proof will be entitled to their verdict, if on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics but depends on its effect in inducing belief. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a thirteenth juror and disagrees with the fact finder's resolution of the conflicting testimony. Id.
 {¶ 11} As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. Statev. Issa (2001), 93 Ohio St.3d 49, 67; see, also, State v. Thompkins,
supra.
 {¶ 12} The proper test to be used when addressing the issue of manifest weight of the evidence is set forth as follows:
"Here, the test [for manifest weight] is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [fact finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *" State v.Moore, Cuyahoga App. No. 81876, 2003-Ohio-3526, at p. 8, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175; see, also, Tibbs v.Florida (1982), 457 U.S. 31.
 {¶ 13} The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. Moore at p. 8, citing Martin.
 {¶ 14} It is with the above standards in mind that we now address appellant's first and second assignments of error. There is nothing in the record demonstrating that the evidence in this case is anything but legally sufficient to support the verdict. Furthermore, there is nothing in the record suggesting that the trial court lost its way and created a miscarriage of justice requiring reversal of appellant's conviction.
 {¶ 15} To the contrary, the evidence in the record demonstrates that the trial court acted properly regarding the evidence presented. For example, there is sworn testimony in this case that appellant told the victim, "This is a robbery" and then hit the victim in the head. "He reached around and slugged me in the side of my head."[1]
 {¶ 16} In addition, appellant testified that he did have the victim's blood on his hands when he was arrested soon after the crime.[2]
Finally, the victim testified that after the robbery his wallet was, in fact, gone.,[3] The eyewitness, Tina Perry, testified that she saw no person helping the victim and watched a man matching appellant's physical and clothing description beating the victim.[4] Moreover, the victim unequivocally identified appellant as the man he gave a ride to and as the man who beat and attempted to rob him.[5]
 {¶ 17} Based on the evidence presented at the trial, as well as the lower court's review of that evidence, we find appellant's first and second assignments of error to be without merit. We find that the state did indeed present sufficient evidence to support appellant's conviction. Furthermore, we find that the conviction was not against the manifest weight of the evidence.
 {¶ 18} Accordingly, appellant's first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, JR., P.J., and
 Christine T. Mcmonagle, J., Concur.
[1] Tr. 64.
[2] Tr. 141.
[3] Tr. 74.
[4] Tr. 38.
[5] Tr. 73-74.